UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE RUTH TURNER,<br><br>Defendants. | Case No. 2:18-cr-00356-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

On October 19, 2020, Christine Turner filed the Warden's denial of her request for compassionate release. Dkt. 72. On November 9, 2020, her former counsel filed the denial of her request for administrative remedy related to her compassionate release request. Dkt. 73. Ms. Turner has filed no other documents. It is not clear what Ms. Turner wishes the Court to do with this denial. To the extent she wishes the Court to construe the filings as motion for compassionate release, 18 U.S.C. § 3582(c)(1)(A), the Court will deny the motion.

To grant compassionate release under § 3582(c)(1)(A), a district court must,

**MEMORANDUM DECISION AND ORDER - 1**

as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

      Ms. Turner has met the exhaustion requirement of § 3582(c)(1)(A), but that is all she has done. She has not addressed the § 3553(a) factors, nor explained any extraordinary and compelling reasons for her release. It is not clear what Ms. Turner wants the Court to do with the Warden's denial of her compassionate release request. But, if she is seeking compassionate release, she must file a motion requesting such, and explain what grounds might support her motion.

**MEMORANDUM DECISION AND ORDER - 2**

## ORDER

**IT IS ORDERED** that, to the extent Christine Turner's filing of the Warden's denial of her request for compassionate release (Dkt. 72) may be construed as a motion for compassionate release, it is **DENIED**.

DATED: January 30, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3