UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA RUTH TURNER,<br><br>Defendant. | Case No. 2:18-cr-00356-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Christina Turner's pro se Motion for a Sentence Reduction under 18 U.S.C. §3582(c)(1)(A) (Compassionate Release). *See* Dkt. 77. She also asks the Court to appoint counsel to assist her in seeking compassionate release. *See* Dkt. 76. The Government opposes the motions. After considering the briefing and record, the Court will deny the motions.

# BACKGROUND

Between July and September of 2018, Turner participated in six different transactions involving the distribution of one to four ounces of Methamphetamine to a confidential informant. PSR ¶¶ 6-12. In September 2018, investigators tracked Turner and her husband to Spokane, Washington, where they observed her purchase additional quantities of methamphetamine. *Id.* ¶ 13. A traffic stop was

conducted as the Defendant returned to Idaho. In the vehicle, officers located 889.07 grams of actual methamphetamine in the vehicle. *Id.*

Turner has a lengthy criminal record including, but not limited to, convictions for fraud, petty theft, disturbing the peace, battery, driving under the influence, possession of drug paraphernalia, resisting and obstructing officers, and delivery of a controlled substance. *Id.* ¶¶ 34-51.

In August 2020, Turner made a request to the Warden for compassionate release to be released to her mother's house in Coeur d'Alene, Idaho. The basis of that request was the ongoing COVID-19 pandemic and increased health risks caused by her age (43 years old), COPD, Hepatitis C, and nerve damage in her right hand. On September 8, 2020, the Warden responded and denied the Defendant's request for compassionate release and the motions before this court followed.

Turner has served approximately 31 months of her 70-month sentence. She is currently incarcerated at FCI Dublin, which has one inmate and three staff members with confirmed active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed June 3, 2021). According to Turner's medical records supplied by the Government, she has already fully recovered from a COVID-19 infection that she had in December 2020 and January 2021 and has been administered both doses of the COVID-19 vaccine.

## DISCUSSION

**A. Motion for Compassionate Release**

Turner seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id.* If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

Although Turner has exhausted her administrative remedies, the Court will still deny her motion. The § 3553(a) factors do not warrant a reduction of Turner's sentence. Turner has served less than half of her sentence for conspiracy to distribute methamphetamine and has an extensive criminal history.

Turner has not demonstrated extraordinary and compelling reasons warranting release. She is 43 and has concerns of COVID-19 exposure because of her diagnoses of COPD, Hepatitis C, and nerve damage to her right hand. First, the

Court recognizes that COPD and Hepatitis C may make her more susceptible to severe COVID-19 illness, but nerve damage to her right hand does not increase her chances of severe illness caused by COVID-19. The record shows that Turner has already contracted COVID-19, which indicates that she is likely immune to the disease. Furthermore, her medical records show that she has been fully vaccinated against COVID-19 furthering the likelihood that she will not contract COVID-19 again. Because Turner is likely immune from COVID-19 infections at this point, the Court concludes that Turner has not demonstrated extraordinary and compelling reasons warranting release.

**B. Motion for Appointment of Counsel**

Turner also seeks appointment of counsel to apply for compassionate release. The Court will deny this request.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005).

From Turner's letters, Dkts. 76, 77, it is evident that she is articulate and competent. Further, she has enough understanding of compassionate release to

explain the factors that may warrant release and she appended documents exhibiting a request for medical records to aid in her showing of extraordinary and compelling reasons warranting release. The court sees no special circumstances warranting appointment of counsel at this time and will deny Turner's motion. Because there is no limit on the number of 18 U.S.C. 3582(c) motions Turner may file, she is advised that a change in circumstances may serve the basis for a renewed motion in the future.

If Turner decides to file a future pro se motion for compassionate release, she should make clear how the 18 U.S.C. § 3553(a) factors support her motion and explain what new extraordinary and compelling reasons warrant her release at that time. She should also include copies of any records or documents that support her motion as she did in her current motion.

## ORDER

**IT IS ORDERED** that:

1. Defendant's Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A) (Compassionate Release) (Dkt. 77) is **DENIED**.

2. Defendant's Motion for Appointment of Counsel (Dkt. 76) is **DENIED**.



DATED: July 13, 2021

_____
B. Lynn Winmill
U.S. District Court Judge